IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS M. THURMAN, | : | CIVIL NO. 3:12-CV-0101 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| RONNIE HOLT, WARDEN, | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Curtis M. Thurman ("Thurman"), a federal inmate confined at the Federal Penitentiary at Canaan ("FPC-Canaan"), Waymart, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

### I.     Background

Thurman alleges that his Eighth Amendment rights were violated when FPC-Canaan's dental provider, Mrs. Hartland, deprived him of dental treatment. (Doc. 1, at 1.) He alleges that the fitting of his dentures was initially delayed while Mrs. Hartland went on maternity leave on or about June 1, 2011. (Id. at 2.) After her return, he was fitted for the dentures on December 15, 2011. (Id. at 3.) On December 23, 2011, "the denture fitting process resumed,

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

but the top placement of the denture fitting was accidentally broken by Mrs. Hartland." (Id.

at 3.)  He was informed that he would be rescheduled as soon as the new denture was

repaired.  (Id.)  To date, his denture fitting has not been rescheduled.  (Id.)

## II.  Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact

or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v.

Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The

underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally

been to 'inquire into the legality of the detention, and the only judicial relief authorized was

the discharge of the prisoner or his admission to bail, and that only if his detention were

found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers

of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev.

1551, 1553 (2001)).  However, when seeking to impose liability due to the deprivation of any

rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy

is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or

available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Thurman does not seek speedier or

immediate release from custody or challenge the legality of his present incarceration.  Rather,

he challenges the adequacy of the dental care administered by Mrs. Hartland.  Because he is

seeking to impose liability due to the deprivation of certain rights and privileges, the

2

appropriate remedy is a civil rights action.  Consequently, the petition will be dismissed without prejudice to any right Thurman may have to reassert his present claim in a properly filed civil rights complaint.

An appropriate order follows.

BY THE COURT:


s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court


Dated:   January 31, 2012

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CURTIS M. THURMAN,        :    CIVIL NO.  3:12-CV-0101
             Petitioner  :

                    :    (Judge Munley)

        v.           :

                    :
RONNIE HOLT, WARDEN,    :
            Respondent :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 31st day of January 2012, it is hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court